STANDARD WAGON COMPANY, Respondent, v. HENRY E. NICHOLS, as Assignee of McCULLY & CO. and PERSIS McCULLY, Appellants, Impleaded with Others.

*A general assignee takes the fund subject to the equities existing in favor of the creditors of the assignor — right of such a creditor to have a lien declared to exist in his favor upon the fund in the hands of the assignee.*

In January, 1884, the firm of McCully & Co. ordered of the plaintiff certain carriages, by a letter, agreeing to pay freight and hold the goods on commission, selling on the plaintiff's account and remitting cash for the same promptly, and further agreeing to purchase all goods not sold on or before November fifteenth, giving the firm's acceptance for the same at ninety days. In February, May and June certain property was consigned to the firm, the bills of the two last shipments stating that the consignments were to be paid for as sold, and goods on hand November 1, 1884, were to be paid for by cash.

This action was brought by the plaintiff against the assignee, to whom the firm had made a general assignment on December 30, 1884, to recover a balance of $372.73 admitted to be due for goods shipped, after a demand had been made therefor in January, 1885. Upon the trial it was admitted that the money for all of the said goods so sold had been duly received by the firm and used in their business. It further appeared that on November tenth an agent of the plaintiff received from the firm a check for $218.97 for goods theretofore sold but not settled for, and the firm's note, dated November 1, 1884, payable in three months for $153.76 for goods then on hand unsold.

*Held*, that as the check was not paid it did not extinguish the original relation existing between the parties.

That as the moneys arising from the sale of the goods, which were represented by the amount included in the check, were received for goods belonging to the plaintiff, which had been improperly mingled with the firm assets and retained by it down to the time of making the assignment, the assets received by the assignee were to the extent of such moneys impressed with a trust

in favor of the plaintiff, which justified a judgment in this action directing the payment of that amount in full by the assignee and declaring the judgment to be a first lien upon the said funds. (FOLLETT, J., dissenting.)

That the giving and acceptance of the note for the goods then unsold transferred the goods to the firm and the note to the plaintiff.

The competency of evidence as to conversations relating to the consignment of the goods above mentioned, had between plaintiff's agent and McCully & Co., prior to written order of January, 1884, considered, and such evidence held to be admissible.

APPEAL from a judgment, entered in Oswego county upon the report of a referee for $390.01 damages.

Prior to 1884, and during that year, the defendants Persis McCully and Edward McCully were copartners in business, at Fulton county, under the firm style of McCully & Co. On the 30th day of December, 1884, the firm of McCully & Co. made a general assignment of its property for the benefit of its creditors, to the defendant Henry E. Nichols, in trust, who accepted the assignment and qualified and took possession of the property of the firm and proceeded to convert it into money, and received as proceeds thereof something more than $1,500.

In January, 1884, the firm of McCully & Co. ordered from the plaintiff certain carriages specified in a written order, which written order contained the following language, viz.: "We agree to pay freight and hold goods on consignment, storing safely free of all expense to you, and selling on your account, remitting cash for same at above prices promptly when sold. We further agree that if all above vehicles are not sold on or before November 15, 1884, we will purchase them or any of them remaining on hand at that time, giving our acceptance for same at ninety days from that date."

In February, 1884, certain other property, and in May and June some other articles of property were also consigned to McCully & Co. The May shipment was accompanied with a bill in which is the following language, viz.: "Consigned to be paid for as sold, and goods on hand November 1, 1884, to be purchased by cash." The consignment of June 9, 1884, was of one buckboard. The consignment of June 26, 1884, was one Standard wagon, and the bill accompanying the same contained the following language, viz.: "Consigned to be paid for when sold. If not sold by November 1, 1884, to be then purchased for cash."

It was admitted on the trial that the "total amount of goods shipped by the plaintiff to McCully & Co. amounted to the sum of five hundred and ninety-six dollars and fifty cents, and that there had been paid by McCully & Co. to the plaintiff to apply thereon the sum of two hundred and twenty-three dollars and seventy-seven cents, leaving a balance of three hundred and seventy-two dollars and seventy-three cents."

It was admitted that "of the said goods unpaid for two hundred and eighteen dollars and ninety-seven cents were sold by McCully & Co. prior to November 10, 1884;" also, "that the money for all of the said goods was duly received by McCully & Co. and was used in their business;" also, "that McCully & Co. are now indebted to the plaintiff in the sum demanded in the complaint, viz.:   Three hundred and seventy-two dollars and seventy-three cents and interest from November 10, 1884." It was also admitted that "in January, 1885, the plaintiff demanded their goods or the money received for the same of each and all of the defendants, and that they and each of them refused to pay the same, and that the plaintiff at the time it made such demand tendered to the defendant all checks and notes then held by it, received from McCully & Co."

The referee ordered judgment for the plaintiff for $372.73, and interest from the 10th day of November, 1884, against the defendants, "such judgment to be paid in full by the said Henry E. Nichols, as assignee, out of the fund now in his hands as such assignee, derived by him out of and under the assignment of the estate of the said defendants Persis and Edward McCully (McCully & Co.), and said judgment is hereby declared to be a first lien upon said funds and payable in full thereof."

*H. E. Nichols*, in person, and *S. N. Dada*, for appellant Persis McCully.

*George W. Bradner*, for the respondent.

HARDIN, P. J.:

Wesley McCully, the husband of Persis McCully, and the father of Edward McCully, was shown by the evidence to be the agent of McCully & Co., having general charge and the management of their

business, and had the principal transactions with the plaintiff with respect to the property in question. The fact that he was not a member of the firm was not known to the plaintiffs at the time they dealt with the firm.

Compton Ferguson was called as a witness for the plaintiff, and said that he was agent for the plaintiff at and prior to the date of the order of January 25, 1884, and also said that he had a conversation with Wesley McCully "about the property to be shipped to him." The conversation was before this order of January 25, 1884, was made concerning the consignment of goods to McCully & Co. to be sold, and he was asked to state the conversation. That question was objected to by the defendants as incompetent and improper, such conversation having been merged in the written contract. The objection was overruled and the defendants excepted. The witness answered: "Plaintiff was to let him have these goods on consignment; he was to handle these goods on commission; that he would order from time to time as he sold out; he would order to take the place of the goods sold; this is the substance of the agreement with him previous to the writing out this order for the goods; he was to handle the Standard Wagon Company's goods on consignment and he was to order other goods as he sold out; I never had any other or different contract with him except that one; subsequent to this conversation I sent him goods from time to time as he ordered them, and I think he sometimes telegraphed for goods; he was not limited as to price at which he was to sell; they were billed to him at a certain price; * * * I supposed Wesley McCully was a member of the firm; I knew no one else in the business as a member of the firm." We are of the opinion that no error was committed in receiving the evidence:

*First.* So far as the consignment of January twenty-fifth was concerned, it was proper to show that after the plaintiff received that order the goods were furnished to McCully & Co. While that order indicates the arrangement under which the property was received, and could not be contradicted by oral evidence, still it was admissible to show that after the reception of that order the property was shipped to McCully & Co. The bill of February 21, 1884, stated that the goods were consigned to be paid for as sold. So, too, the bill of goods of May nineteenth stated "consigned to be paid

for as sold." The same is true of the bill of June 9, 1884. We think the evidence was competent to show that the property was delivered to McCully & Co. under the arrangement entered into stated by the witness, and that the oral evidence did not tend to contradict or vary any written contract existing between the parties with respect to the goods.

*Second.* It appears by the evidence that on the 10th of November, 1884, the agent of the plaintiff was at Fulton and ascertained the state of affairs between the plaintiff and the firm of McCully & Co. At that time it appeared that McCully & Co. had sold goods not theretofore settled for, amounting to $218.97. To meet that sum the plaintiffs received from McCully & Co. a check for $218.97. The check when presented was not paid. It never has been paid. The delivering of that check and giving a receipt therefor was no extinguishment of the original relation of the parties, was not intended and could not operate as such until the check was paid. (*Schemerhorn* v. *Loines*, 7 Johns., 312.) On the same occasion it was ascertained that there remained unsold goods to the amount of $153.76. For that sum the plaintiff received a note dated November first, at three months, for $153.76, and subsequently, in September, rendered a statement that they had received such a note. The note was not paid at maturity, and was held by the plaintiff at the time of the commencement of this action.

We are of the opinion that inasmuch as the referee found, as a matter of fact, that the plaintiff did not rely on any false or fraudulent representations of any member of said firm of McCully & Co., or of any managing agent of said firm in selling the said goods to said firm, that it must be assumed that the goods, which were represented by the note of $153.76, were purchased in pursuance of the arrangement between the parties that goods that remained unsold in November should be purchased by McCully & Co. and settled for by the giving of a note, and that the giving of the note, in pursuance of the arrangement, indicated by the evidence between the parties, operated to transfer the goods to McCully & Co. for the note given on the occasion of the adjustment.

In the absence of any finding of fraud, we think it but fair to

assume that that was a purchase of the goods settled for by the note, and that McCully & Co. became the owner of the goods, and the plaintiff the owner of the note upon the consummation of the settlement in November, 1884. We are also of the opinion that the moneys arising from the sale of the goods, which are represented by the amount included in the check of $218.97, were received for the goods belonging to the plaintiff, and that McCully & Co. improperly mingled them with their assets and retained them down to the time of making the assignment, and that to that extent the assets that passed to the hands of the assignee are swollen by moneys that rightfully belong to the plaintiff, and when the assignee received such assets, the moneys to the extent of $218.97 were impressed with the trust in favor of the plaintiff. Those moneys were received by the firm of McCully & Co. in a fiduciary relation, and the mixing them with other funds by the firm ought not to deprive the plaintiffs of a charge upon the mixed funds.

In note to *Hooley* v. *Gieve* (9 Abbott's N. C., 42, 43) it is said, viz.: " Where any person holding money in a fiduciary relation, mixes it with his own, the person for whom he holds it has a charge upon the mixed fund." Defendant Nichols is not a *bona fide* purchaser or holder of the funds in which the plaintiff, as *cestui que trust*, was interested. (*Hooley* v. *Gieve*, 9 Abbott's N. C., 29; S. C., 9 Daly, 104.) So far as the referee's report applies to the $218.97, we think his conclusions are correct and should be sustained. If these views prevail, the judgment may be modified accordingly.

Judgment reversed and new trial granted, with costs to abide the event, unless the plaintiff shall stipulate to reduce the damages to $218.97 and interest thereon from the 10th day of November, 1884, to the date of the referee's report, August 8, 1885, in which case the judgment so modified is affirmed, without costs to either party of this appeal.

BOARDMAN, J., concurred.

FOLLETT, J.:

I am unable to see how plaintiff is entitled to a lien on funds in the assignee's hands, no part of which are shown to be or to have

been derived from the moneys realized by McCully & Co. on the sale of the wagon, and therefore dissent.

Judgment reversed and new trial ordered, with costs to abide event, unless the plaintiff shall stipulate to reduce the damages to $218.97 and interest thereon from the 10th day of November, 1884, to the date of the referee's report, August 8, 1885, in which case the judgment as so modified is affirmed, without costs to either party of this appeal.